UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LINA MARGARITA QUIVERA FERNANDEZ, Petitioner,

v. Civil Action No. 4:26-cv-570-DJH

JASON WOOSLEY, Jailer, Grayson County Detention Center et al., Respondents.

* * * * *

**MEMORANDUM AND ORDER**

Petitioner Lina Margarita Quivera Fernandez, a noncitizen currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending her removal proceedings. She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 3), and they have submitted briefing setting out their respective legal arguments (D.N. 8; D.N. 9). After careful consideration, the Court will grant Quivera Fernandez's petition for the reasons explained below.

**I.**

Quivera Fernandez is a citizen and national of Venezuela. (D.N. 1, PageID.24 ¶ 92; *see* D.N. 8-1, PageID.122–23) She entered the United States on July 14, 2021. (D.N. 1, PageID.24 ¶ 92; *see* D.N. 8-1, PageID.122) "Upon her apprehension" by immigration authorities, she was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).[1] (D.N. 1, PageID.24 ¶ 92; *see* D.N. 8-1, PageID.123–24) Quivera Fernandez expressed fear of returning to

[1] Respondents refer to an expedited removal order (*see* D.N. 8, PageID.116; D.N. 8-1, PageID.123–24) and state that they are "working on obtaining a copy of the expedited order of removal" (D.N. 8, PageID.116 n.3). The docket reflects no filing by Respondents since their response to the show-cause order.

Venezuela and was then released on parole until July 2022. (D.N. 1, PageID.24 ¶ 92; D.N. 8-1, PageID.123–24; *see* D.N. 1-1, PageID.36–39) In July 2022, she submitted an asylum application and obtained employment authorization. (D.N. 1, PageID.24 ¶ 94; *see* D.N. 8-1, PageID.123; D.N. 1-2) On August 13, 2026, Quivera Fernandez appeared for a scheduled check-in, where she was detained by U.S. Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant authorizing her detention under 8 U.S.C. § 1226.[2] (D.N. 1, PageID.24 ¶ 96; *see* D.N. 8-1, PageID.123–24; D.N. 8-2, PageID.125) She has yet to receive a credible-fear interview (D.N. 1, PageID.24 ¶ 93; D.N. 8, PageID.117; *see* D.N. 8-1, PageID.124) and remains detained at the Grayson County Detention Center (D.N. 1, PageID.24 ¶ 97).

Quivera Fernandez seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Acting Chicago ICE Field Office Director Frank Padula,[3] Acting Director of ICE David Venturella, Department of Homeland Security (DHS) Secretary Markwayne Mullin, and United States Attorney General Todd Blanche. (D.N. 1, PageID.13–14 ¶¶ 57–61) Quivera Fernandez alleges that her detention violates the Immigration and Nationality Act and due process under the Fifth Amendment. (*See id.*, PageID.25–28 ¶¶ 100–21) She asks the Court to order her immediate release. (*See id.*, PageID.33, 30 ¶¶ 128–29) Respondents argue that Quivera Fernandez is lawfully detained under 8 U.S.C. § 1225(b)(1).[4] (*See* D.N. 8, PageID.117–19) Quivera Fernandez

---

[2] The warrant cited section 236 of the Immigration and Nationality Act (*see* D.N. 8-2, PageID.125), which is codified at 8 U.S.C. § 1226. *Martinez Herrera v. Olson*, No. 4:26-cv-52-DJH, 2026 WL 561101, at *2 n.4 (W.D. Ky. Feb. 27, 2026) (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025)).

[3] The petition lists the "Field Office Director" of the "Chicago Field Office" as a respondent. (D.N. 1, PageID.1, 13 ¶ 58) The Court will order that the docket be modified to include Acting Chicago ICE Field Office Director Frank Padula as a respondent.

[4] Respondents do not contest that the Court has jurisdiction to review Quivera Fernandez's petition. (*See generally* D.N. 8) Nor do Respondents argue whether Quivera Fernandez must exhaust administrative remedies. (*See generally id.*) Therefore, the Court will not address these issues.

maintains that her present physical detention following expiration of parole is governed by 8 U.S.C. § 1226(a). (*See* D.N. 9, PageID.132–33)

## II.

### A. Immigration and Nationality Act

Quivera Fernandez asserts that her "continued mandatory detention without access to the custody review provided under § 1226(a) is . . . contrary to law." (D.N. 1, PageID.26 ¶ 106) She specifically argues that "Section 1226(a), rather than § 1225(b)(1), governs" since she was re-detained after "resid[ing] continuously in the United States for more than five years" post-parole. (*Id.*, PageID.25 ¶¶ 101–05) Respondents argue that Quivera Fernandez is lawfully detained under 8 U.S.C. § 1225(b)(1) on the ground that "after her parole ended, she was returned to her status as an alien with an expedited order of removal who must pass through the credible fear screening process." (D.N. 8, PageID.118–19) But district courts within the Sixth Circuit—including this Court—have repeatedly found that a noncitizen re-detained following expiration of parole is entitled to a bond hearing under § 1226(a). *See, e.g.*, *Martinez Herrera*, 2026 WL 561101, at *2–5 (holding that a noncitizen granted parole and then re-detained was not subject to expedited removal under § 1225(b)(1) and was "entitled to a bond hearing" under § 1226(a)); *Mejia Holguin v. Raycraft*, No. 1:26-cv-304, 2026 WL 1101955, at *4 (S.D. Ohio Apr. 23, 2026) (collecting cases); *Rodriguez Navarrette v. Raycraft*, No. 1:26-cv-01873, 2026 WL 2634895, at *3 (W.D. Mich. Sep. 8, 2026) (citing *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026)). Thus, "[b]ecause [Quivera Fernandez] was paroled and living in the United States for more than three years before [s]he was re-detained, h[er] detention is governed by § 1226(a)." *Mejia Holguin*, 2026 WL 1101955, at *4 (citation omitted). Accordingly, she is entitled to a bond hearing. *See id.* at *1; *Rodriguez Navarrette*, 2026 WL 2634895, at *3.

**B. Due Process**

Quivera Fernandez asserts that her detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.26–28 ¶¶ 107–21) Respondents argue that Quivera Fernandez "is being afforded all due process to which she is entitled" under § 1225(b)(1). (D.N. 8, PageID.119) "Because [Quivera Fernandez] is detained under § 1226(a), not § 1225(b)([1]), Respondents' argument as to the due process required by § 1225(b)([1]) is futile." *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. Mar. 3, 2026) (citation omitted).

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *8 (W.D. Ky. Nov. 4, 2025) (citing *Barrera*, 2025 WL 2690565, at *6). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Quivera Fernandez "has a significant private interest in not being detained." *Id.*; *see Kashyap v. Lewis*, No. 4:26-cv-567-DJH, 2026 WL 3218655, at *3 (W.D. Ky. Oct. 27, 2026) (collecting cases). Moreover, "the risk of erroneously depriving [Quivera Fernandez] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness." *Lopez-Campos v.*

*Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that DHS can readily follow here." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493–94 (E.D.N.Y. 2025). Thus, because all three *Mathews* factors weigh in Quivera Fernandez's favor, the Court concludes that her detention violates due process. *See Kashyap*, 2026 WL 3218655, at *3; *Martinez Herrera*, 2026 WL 561101, at *5; *Mejia Holguin*, 2026 WL 1101955, at *5 (collecting cases). And because Quivera Fernandez is unlawfully detained, the Court will order her immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Martinez Herrera*, 2026 WL 561101, at *5 (ordering immediate release); *Kashyap*, 2026 WL 3218655, at *3 (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Quivera Fernandez's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Quivera Fernandez, and, in the event she is arrested and re-detained, to provide her with a bond hearing before a neutral Immigration Judge in

accordance with 8 U.S.C. § 1226(a).[5] Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **November 20, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

(3) The Clerk of Court is **DIRECTED** to correct the docket of this matter to reflect that Respondent Frank Padula is the Acting U.S. Immigration and Customs Enforcement Chicago Field Office Director.

November 18, 2026

**David J. Hale, Chief Judge**
**United States District Court**

[5] "In any such hearing, 'the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.'" *Kashyap*, 2026 WL 3218655, at *3 n.2 (quoting *Halstead v. Putra*, No. 1:26-cv-2591, 2026 WL 3002481, at *2 (W.D. Mich. Oct. 6, 2026)).